Richards, J.
This action was commenced by Frances Ritter in the common pleas court to re *73 cover damages for a personal injury resulting from a fall on an icy sidewalk. The petition was met with a demurrer, which was sustained in the trial court, and, the plaintiff not desiring to plead further, final judgment was rendered dismissing her petition. To this action of the court she prosecutes error.
The allegations in the petition as to the precise location and situation of this walk are somewhat complicated, but, for the purpose of determining the point involved, it is only necessary to.say that the petition discloses that the walk was a slanting or inclined one, in width covering a distance of seven feet from its inside edge to the curb line, and that in said seven feet the extent of the incline was ten inches. The petition alleges that five or six days before the injury this sidewalk became covered with ice and was very slippery, and that the plaintiff had no knowledge of its dangerous condition, but that its condition was known to the defendant, or would have been known to it in the exercise of ordinary care.
The simple question for determination is whether these allegations show such a condition as casts a liability on the city. Counsel for plaintiff insist that the petition is sufficient, and that the allegations, if established by evidence, would require that the case be submitted to a jury, and to sustain this position they rely very largely on the case of Gibbs v. Village of Girard, 88 Ohio St., 34. In that case the record disclosed what is called in the opinion a “sudden and immediate two-inch drop” in the sidewalk, and it was held that the case should have been submitted to the jury to deter *74 mine as to the negligence of the village. That case was disposed of on a motion for a directed verdict, and the supreme court held that, for the purposes of the. motion, the defect must be admitted. We can not extend the doctrine of the Girard case, founded, as it is, on a defective walk, to one where the only criticism of the walk is that it is built on an incline, as set forth in the petition. The case under consideration there was one of a defective walk, and we have, therefore, to inquire whether the condition of the walk, as set forth in the petition in this case, discloses that the walk is defective.
We can not hold that a walk which is built on on incline of ten inches in seven feet is a defective walk, or one which of itself renders the'municipality liable in damages to persons injured by falling thereon. To so hold would result in the bankruptcy of municipalities which are so unfortunate as to be built in hilly localities. A sidewalk in order to have drainage must be built either on a slant or crowning, and it can hardly be said to be negligence for a municipality to permit a walk to remain in such condition; nor can it be said that it is negligence to construct a walk on a street which is not level.
The' supreme court held in Chase v. City of Cleveland, 44 Ohio St., 505, that it is not actionable negligence for a city to suffer ice and frozen snow to accumulate on a sidewalk and be beaten smooth and slippery, and for that reason dangerous to those passing a bong it; and it is said in that case that the condition was transient in character and not such as to ordinarily require the interference *75 of the city authorities for its abatement, the duty of the municipality being to exercise only ordinary care. To prohibit the construction of such a walk as is described in the petition in this case, or to hold municipalities liable by reason of such construction, would be impracticable.
Another case to which we call attention is City of Norwalk v. Tuttle, 73 Ohio St., 242. In that case a recovery was denied the plaintiff for damages suffered by falling on an icy sidewalk, because the conditions did not disclose any structural defect in the walk, and the city was not liable for the icy surface, that slippery condition being the result of natural causes.
Under the doctrine of the two cases last cited, a recovery would be impossible in the case at bar without holding that the walk as constructed was structurally defective, and to so hold would overturn fundamental principles and be manifestly unjust to municipalities. A petition to recover damages for an injury caused by slipping upon an icy sidewalk, where the only complaint made against the walk is that it has an incline .of ten inches in seven feet, and was covered with ice produced by natural causes, does not state a cause of action, and the demurrer thereto was properly sustained.
The judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.